UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK R. GONZALEZ,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 17-5286-BHS

**REPORT AND RECOMMENDATION AFFIRMING THE COMMISSIONER**

Frank R. Gonzalez filed a claim for disability benefits alleging he became disabled on April 1, 2012. Tr. 31. The State Agency Disability Determination Services ("DDS") issued a partially favorable decision finding Mr. Gonzalez disabled since May 31, 2014, but not before. *Id.* Mr. Gonzalez appealed, and appeared before an ALJ. After conducting a hearing, the ALJ issued a written decision again finding Mr. Gonzalez has been disabled since May 31, 2014, but not before. Tr. 43-44.

Mr. Gonzalez appeals the ALJ's decision. The ALJ found arthritis and partial distal supraspinatus tear in the left shoulder, mild degenerative disc disease and facet hypertrophy of the lumbar spine, chronic transverse facture of the left elbow, carpal tunnel syndrome and medial meniscus tear on the right status-post arthroscopic surgical repair are severe impairments; these impairments do not meet the requirements of a Listed Impairment; Mr. Gonzalez has the residual

functional capacity ("RFC") to perform light work with additional limitations; that he cannot perform past relevant work; and that Mr. Gonzalez has been disabled as of May 31, 2014, but that before this date, he could perform other jobs in the national economy. Tr. 33-44. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1.

Mr. Gonzalez contends[1] the ALJ misevaluated his testimony and the opinions of Martin Kittika, M.D., and also erred at step two in finding vertigo is not a severe impairment. He further contends that as a result of these errors, the ALJ failed to include all of his limitations in determining his RFC, and the matter should be remanded for an award of benefits. Dkt. 13 at 1. As discussed below, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

## DISCUSSION

**A.     Mr. Gonzalez's Testimony**

Mr. Gonzalez argues the ALJ erred by failing to provide clear and convincing reasons to reject his testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The Commissioner claims[2] a lesser standard applies, a notion the Court rejects. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n. 18 (9th Cir. 2014) (rejecting Commissioner's argument that a standard lower than clear and convincing should be applied in reviewing ALJ's evaluation of claimant's testimony where there was no evidence of malingering).[3]

---

[1] The Commissioner asks the Court to strike Mr. Gonzalez's 20 page opening brief. The Court recommends giving Mr. Gonzalez a one-time pass, rather than ordering the opening brief be refiled. The recommendation is made because the opening brief is approximately 12 lines too long (the caption does not count toward the page limit and page 20 appears to be a typographical error). This being a one-time pass, all future non-conforming briefs will be stricken and counsel will be required to refile a conforming brief.

[2] Dkt. 14 at 2 n 2.

[3] The ALJ did not find malingering. Tr. 36.

AFFIRMING THE COMMISSIONER - 2

The ALJ rejected Mr. Gonzalez's testimony for several reasons, at least one of which is valid and supported by substantial evidence. Turning first to the valid reason, the ALJ found "the claimant provided testimony which is not consistent with the medical evidence." Tr. 41. In specific, the ALJ found Mr. Gonzalez's testimony about the severity of his vertigo was inconsistent with the medical treatment he received for this problem. *Id.* Mr. Gonzalez's opening brief does not specifically challenge this determination. Dkt. 13 at 9-10. Mr. Gonzalez testified he is dizzy every day and has monthly vertigo attacks causing him to be "down" for two to four days. Tr. 84. While the medical record shows Mr. Gonzalez has dizzy spells, it does not indicate these spells or vertigo are as severe, regular, and disabling as Mr. Gonzalez claims. *See* Tr. 347 ("He takes medication when has vertigo. It gets better."); 365 (Dizzyness is improving; patient describes lightheadedness and spinning); 447 (Patient has nausea, dizziness, spinning when eyes closed). There is nothing in the medical record showing Mr. Gonzalez is dizzy everyday as he claims, or that once a month he is completely out of commission due to vertigo for two to four days.

To be sure, Mr. Gonzalez clearly has dizzy spells; the ALJ found as much in finding these spells preclude work involving heights or exposure to hazards. Tr. 40. But given the discrepancy between Mr. Gonzalez's claims about the severity of his vertigo symptoms and the medical record, the Court cannot say it was unreasonable for the ALJ to discount Mr. Gonzalez's testimony.

The ALJ also found Mr. Gonzalez's testimony was inconsistent with other portions of the medical record. The ALJ found Mr. Gonzalez's testimony about his neck problems is inconsistent with Dr. McNabb's notation that he has good range of motion of the cervical spine with no limitations. The ALJ also found Mr. Gonzlez's claim he does not "lift overhead" is

inconsistent with Dr. McNabb's notation that Mr. Gonzalez has good range of motion of the arms and shoulders. *Id.* The ALJ erred because an ALJ may not simply cite isolated pieces of evidence as support for a conclusion, without taking into account the record as a whole. *See Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998). Here, the record as a whole contains evidence supporting Mr. Gonzalez's testimony that he has neck problems. Sarat Yalamanchili, M.D., noted Mr. Gonzalez "complains of neck pains," Tr. 347, and that "during clinical examination range of motion of the cervical spine and left shoulder were impaired." Tr. 352. Martin Kittaka, M.D., also noted Mr. Gonzalez has "chronic lower back pain and neck pain." Tr. 416.

The record also does not support the ALJ's finding that Dr. McNabb's records contradict Mr. Gonzalez's testimony about his lifting ability. Mr. Gonzalez stated he avoided lifting due to pain, not limited range of motion. Tr. 65. Dr. McNabb noted good range of motion but did not specifically address whether Mr. Gonzalez suffered pain in moving his arms and shoulders in a certain way. However, Dr. McNabb's "assessment" and "plan" indicates Mr. Gonzalez suffers from neck and arm pain because the doctor noted Mr. Gonzalez has a history of neck pain and that an EMG should be performed to rule of cervical radiculopathy. Tr. 643. The doctor also recommended "followup for EMG nerve conduction study, bilateral upper extremities to evaluate possible carpal tunnel on the left cervical radiculopathy." Tr. 644. In essence, the ALJ impermissibly cherry-picked certain evidence to support a conclusion without mentioning or discussing other evidence contained in the record that contradict the ALJ's conclusion.

The ALJ also rejected Mr. Gonzalez's testimony for other invalid reasons. The ALJ found Mr. Gonzalez's most recent employment ended in 2012 because he was laid off, not because he was disabled. Tr. 41. Citing to *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), the

AFFIRMING THE COMMISSIONER - 4

Commissioner argues, this is a proper ground to reject Mr. Gonzalez's testimony. Dkt. 14 at 2. The argument fails. Though there is no dispute Mr. Gonzalez was fired in 2012, Tr. 245, there is no evidence he was let go for reasons unrelated to disability. The ALJ's finding is thus not supported by substantial evidence because there is **nothing** showing why Mr. Gonzalez was fired. If anything, the work Mr. Gonzalez performed when he was let go in 2012 suggests he could not perform that job anymore due to physical limitations. Mr. Gonzalez testified his work involved assessing roof damage due to storms, Tr. 56, and required climbing up 40 foot ladders sometimes with heavy equipment (250 pounds) to test whether the roof would withstand high wind. Tr. 79. These work requirements are incongruous with the ALJ's RFC determination which limited Mr. Gonzalez to light work, occasional ladder climbing, and no exposure to heat, cold, or work at heights. Tr. 35. The ALJ further found at step four that Mr. Gonzalez could not perform his past work as of the onset date in 2012, which cuts against his finding that Mr. Gonzalez left his past work for non-disability reasons. Tr. 41.

The ALJ further found Mr. Gonzalez's attempt to look for work after being laid off "suggests" his "unemployment is due to his inability to find work, and that Mr. Gonzalez "himself did not feel he was unable to work." Tr. 41. The Commissioner does not defend this ground. The Court rejects the ALJ's rationale because failed attempts to seek work or work are not a valid basis to reject a claimant's testimony. *See Lingenfelter v. Astrue*, 504 F3d 1028, 1038 (9th Cir. 2007).

In sum, the ALJ gave several reasons to reject Mr. Gonzalez's testimony, one of which is valid and supported by substantial evidence. In a situation such as this, including erroneous reasons among a valid reason to discount a claimant's credibility is at most harmless error. *See*

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The Court accordingly affirms the ALJ's determination regarding Mr. Gonzalez's testimony.

**B.     Medical Evidence**

Mr. Gonzalez argues the ALJ failed to provide specific and legitimate reasons to reject opinions contained in Dr. Kittika's letter dated October 28, 2011. Dkt. 13 at 12. The letter states:

> Frank Gonzalez is currently under my medical care and may not return to work at this time. His return to work date has not been determined yet. He needs to be seen in additional clinics to determine his diagnosis and treatments should be.

Tr. 364. The ALJ rejected the opinion because it "significantly" predates the date Mr. Gonzalez alleged he became disabled, and because it is "conclusory and offers no explanation for why Dr. Kittala felt the claimant was unable to work." Tr. 40-41. Evidence that predates the alleged period of disability is of limited relevance, *Carmickle*, 533 F.3d at 1165. Mr. Gonzalez does not claim the ALJ erred in this respect. However, Mr. Gonzalez argues the ALJ erred in rejecting the opinion as conclusory. Dkt. 13 at 13. He argues that because Dr. Kittika treated Mr. Gonzalez and noted Mr. Gonzalez has suffered from vertigo since 2011, "it is clear Dr. Kittika was basing his [October 28] 2011 opinion the Plaintiff could not work on a his continual bouts of vertigo and like symptoms." *Id.*

The argument is unpersuasive because the ALJ may discount medical opinions that are brief, conclusory, and inadequately supported by medical records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). There is no doubt the opinion is brief and conclusory. There is also little to show Dr. Kittika's treatment records support Mr. Gonzalez's claim that Dr. Kittikas based his 2011 opinion on Mr. Gonzalez's vertigo symptoms. On November 3, 2011, a few days after Dr. Kittika wrote his letter, Mr. Gonzalez was examined by Salil Doshi, M.D., another doctor at Dr. Kittika's clinic. Dr. Doshi noted Mr. Gonzalez's dizziness "is improving." Tr. 365.

Eleven months after Dr. Kittika wrote the letter at issue, he examined Mr. Gonzalez. Dr. Kittika noted Mr. Gonzalez suffered from back pain and "is contemplating applying for disability." Tr. 416. Dr. Kittika did not note any problems with dizziness or vertigo. The doctor also noted Mr. Gonzalez was looking for work without success. *Id.*

In short, the ALJ reasonably rejected Dr. Kittika's opinion as conclusory, and because it was rendered prior to the date Mr. Gonzalez became disabled. Mr. Gonzalez claims Dr. Kittika based his opinion on Mr. Gonzalez's vertigo, an impairment that continued after his on-set date, but as discussed above, the record does not support this claim.

**C.    The ALJ's Step Two Determination**

At step two, Mr. Gonzalez had the burden to show (1) he has a medically determinable impairment or combination of impairments; (2) the impairment or combination of impairments is severe; and (3) the impairment lasted at least 12 months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c).

Mr. Gonzalez contends the ALJ erred in finding vertigo is non-severe. Dkt. 13 at 13-17. He argues he was diagnosed with vertigo and his testimony establishes the impairment more than minimally affects his ability to perform work. *Id.* at 17. He also argues the ALJ erroneously failed to "specifically" address his testimony about vertigo. *Id.* The Court agrees the ALJ should have found vertigo is a severe impairment at step two. The evidence shows the impairment is "medically determinable" because Dr. Kittika diagnosed Mr. Gonzalez with vertigo and Mr. Gonzalez received prescription medications for the condition. The medical record also indicates that since 2011, Mr. Gonzalez has had regular problems with dizziness, though the symptoms "comes and goes." Tr. 347. The record thus shows vertigo is a medically determinable condition,

lasted at least 12 months, and more than minimally affects Mr. Gonzalez's ability to perform work activity.

Although the ALJ erred in failing to find vertigo is a severe impairment at step two, the error is harmless. This is because the ALJ considered vertigo in determining Mr. Gonzlez's RFC, and found that it diminished his capacity to perform work. In specific, the ALJ found vertigo precludes any work involving heights and exposure to hazards, Tr. 40, and included these limitations in the RFC determination. Tr. 35. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.2007) (failure to address an impairment at step two is harmless if the RFC discussed it in step four). Mr. Gonzalez argues the ALJ's treatment of vertigo failed to capture its full impact on his RFC. But the argument assumes the ALJ should have accepted instead of rejecting Mr. Gonzalez's testimony about the severity of his vertigo symptoms. The argument fails because as discussed above, the ALJ properly rejected Mr. Gonzalez's testimony about the severity of his vertigo symptoms.

**CONCLUSION**

For the reasons above, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **September 8, 2017.** If no objections are filed, the Clerk shall note the matter for **September 8, 2017** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed **eight** pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of August, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

AFFIRMING THE COMMISSIONER - 9